UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-23023-CIV-SEITZ/GARBER

ROSA L. NELSON,

      Plaintiff,
v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

      Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Report and Recommendations [DE 36] of the Honorable Barry L. Garber, United States Magistrate Judge. Neither party has filed an objection. Magistrate Judge Garber recommends (i) that the Administrative Law Judge's ("ALJ") finding that Plaintiff is "not disabled" under the Social Security Act be reversed; and (ii) that the case be remanded to the Commissioner for further proceedings. The Court has reviewed *de novo* Magistrate Judge Garber's Report and the record. Judge Garber's factual findings are not clearly erroneous and his legal conclusions are consistent with the proper application of the law. Accordingly, the Report and Recommendations are affirmed and adopted.

Judge Garber finds that the ALJ committed error in two ways. First, the ALJ improperly found Plaintiff had "past relevant work." *See* 20 C.F.R. § 416.1560 (defining "past relevant work" as follows: "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it."). In determining that Plaintiff had "past relevant work," the ALJ erroneously considered work the Plaintiff did as a ticket taker more than fifteen years before her benefits hearing. Additionally, the ALJ considered Plaintiff's work as a cook which paid her *de minimis* wages of about $300 per month for three months. The Social Security Administration's own internal guidance does not regard this as substantial gainful activity and the

1

Commissioner presented no evidence to rebut the presumption that the work was insubstantial. [DE 36, pp. 5 – 6]. The ALJ nonetheless concluded Plaintiff had done past relevant work. Judge Garber correctly found that the ALJ reached the conclusion in error.

Second, the ALJ improperly concluded that the Plaintiff could perform other work. The ALJ found Plaintiff's disability kept her from working with the general public. Judge Garber finds that given this conclusion, the ALJ could not have properly reached his ultimate conclusion that Plaintiff's "non-exertional limitations" had no appreciable impact on the range of jobs available to her without testimony from a Vocational Expert. [DE 36, p. 6]. Judge Garber properly cites Social Security Ruling 83-14 as authority, which states that in situations where the Plaintiff presents with "additional impairments of a nonexertional nature" the ALJ should consult a vocational expert. Given the record evidence, Judge Garber correctly finds that the ALJ should have received vocational expert testimony to fairly determine if Plaintiff was in fact capable of doing other work. Therefore, upon review, it is

ORDERED that:

(1) The Report and Recommendation [DE 36] of the Honorable Barry L. Garber, United States Magistrate Judge, is AFFIRMED and ADOPTED.

(2) Plaintiff's Motion for Summary Judgment [DE 24] is GRANTED. Defendant's Motion for Summary Judgment [DE 25] is DENIED.

(3) The decision of the ALJ is REVERSED. The case is REMANDED to the Commissioner so that a Vocational Expert can be consulted and for further proceedings not inconsistent with the Report and this Order.

(4) The CASE IS CLOSED.

DONE and ORDERED in Miami, Florida, this 3rd day of April, 2014.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record